# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1410V
UNPUBLISHED

| | |
|---|---|
| BENJAMIN GONZALES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 26, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for petitioner.

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On September 14, 2018, Benjamin Gonzales filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as the result of an influenza vaccination on December 9, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 19, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 22, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,637.87 consisting of pain and suffering ($85,000.00) and past unreimbursed expenses ($637.87). Proffer at 1. In the Proffer, Respondent represented that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $85,637.87 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BENJAMIN GONZALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1410V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 14, 2018, Benjamin Gonzales ("petitioner") filed a petition for vaccine injury compensation alleging that he suffered Guillain-Barre Syndrome ("GBS") as result of an influenza ("flu") vaccine administered on December 9, 2016. On September 16, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On September 19, 2019, Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to compensation.

**I.  Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,637.87, consisting of pain and suffering ($85,000.00) and past unreimbursed expenses ($637.87), which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.  Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through a

1

lump sum payment of $85,637.87 in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Colleen C. Hartley
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3644
Fax:    (202) 353-2988

DATED:  November 22, 2019

---

[1]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.